UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

VA ELECTRICAL
CONTRACTORS, LLC,

     *Plaintiff*,

v.                                   **Case No. SA-20-CV-1059-JKP-ESC**

NATIONAL TRUST INSURANCE
COMPANY and CHARLES STREET,

     *Defendants*.

## ORDER

Before the Court is a motion to remand filed by Plaintiff VA Electrical Contractors, LLC (ECF No. 11) to which Defendant National Trust Insurance Company ("NTIC") responded (ECF No. 12). For the reasons that follow, the Court grants the motion.

## I. BACKGROUND

This case concerns an insurance claim arising from theft of copper wiring in 2018. In July 2020, Plaintiff filed suit in the 225th Judicial District Court of Bexar County, Texas, against insurer NTIC and insurance adjuster Charles Street. NTIC removed this action on the basis of diversity jurisdiction, alleging Mr. Street is a Texas citizen who Plaintiff improperly joined to defeat federal jurisdiction. Plaintiff timely moved to remand this case back to state court. The motion is ripe for ruling.

## II. APPLICABLE LAW

There is no dispute that Street is a nondiverse party. And "as long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536

U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209.

To establish improper joinder, the removing party must prove either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The inability to establish a cause of action means that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A court may determine whether a plaintiff has a reasonable basis for recovery by conducting a Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016); Fed. R. Civ. P. 12(b)(6). If a plaintiff survives a Rule 12(b)(6) challenge, there is no improper joinder. *Smallwood*, 385 F.3d at 573. The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

A claim survives Rule 12(b)(6) analysis when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court addressing a motion pursuant to Rule 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the

2

plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8.

To determine whether it has federal jurisdiction over a removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against the in-state defendant (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 402 (5th Cir. 2004). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 392.

### III. DISCUSSION

Plaintiff asserts claims directly against Street, including claims for unfair settlement practices under § 541.060 of the Texas Insurance Code. *See* Pl.'s Orig. Pet. (attached as part of Ex. C of Notice of Removal (ECF No. 1) ¶ 33. To be liable under the Insurance Code, one must be "in the business of insurance." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir.); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 488 (Tex. 1998); Tex. Ins. Code § 541.002. The Texas Supreme Court has held that the business of insurance "includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998). Because Texas law recognizes that an adjuster can potentially be liable for Texas Insurance Code violations, the sole issue before this Court is whether Plaintiff has stated a viable claim against Street. If so, then Street was properly joined, and this Court must

3

grant Plaintiff's motion to remand for lack of diversity jurisdiction. *Int'l Energy*, 818 F.3d 193, 204. *See also Fairway Leasing, LLC v. Nationwide Mutual Ins. Co.*, No. 17-CA-752-XR, 2017 WL 7693373 at *2 (W.D. Tex. Oct. 4, 2017).

In the state court petition, Plaintiff asserts claims against Street under § 541 of the Texas Insurance Code, including "refusing to conduct a reasonable investigation" under § 541.060(a)(7). *See* Pl.'s Orig. Pet. ¶¶ 14-19, 30, 39. Plaintiff alleges that since December 20, 2018, Street has resisted investigating its claim by requesting the same information "over and over again." *Id.* ¶ 14. Plaintiff alleges that to the extent it possesses the information and documents requested by Street; all requests have been honored but Street persists in his refusal to investigate. *Id.* ¶ 15.

Street's initial letter sought eight categories of information. Plaintiff provided to Street numerous documents responsive to those requests. Street has not explained why the documents were insufficient, or indicated why additional information was necessary to complete his investigation. Instead, Street has continually requested police reports and correspondence related to the theft investigation, despite admitting he has already received this information. *Id.* In addition to repeating requests, two years into the investigation, Street added "new categories of documents" to his requests. *Id.* ¶ 16. And Street continues to assert that Plaintiff has not complied with previous requests for documents. In June 2020, Plaintiff told Street he was "welcome to come review all of the files for any project, any involved employee or any invoice." *Id.* ¶ 18.

> You can have any financial records you would want and any internal documents that you believe are important or related. Again, we believe we have fully complied with everything you have asked for, but we are offering to make our entire files available to you. You can also speak with our CPA, bookkeepers and accountants if you believe it is necessary. We are not hiding any information, but we simply can't provide records that don't exist.

*Id*. Street responded by sending Plaintiff "the same cut and pasted list of 'missing' documents . . . the same tired letter." *Id.*

Construing the petition and drawing all reasonable inferences in the light most favorable to the plaintiff, *Severance*, 566 F.3d at 501, and resolving any ambiguities against removal and in favor of remand, *Mumfrey*, 719 F.3d at 392, the Court concludes that Plaintiff's state court petition is sufficient under the federal pleading standard to state a claim against Street and that Street is not improperly joined. *See Fairway Leasing,* 2017 WL 7693373 at *3-4 (holding that the adjuster was not improperly joined because the Court could discern from the plaintiff's allegations which actions were affirmatively taken or omitted by the adjuster). Street's citizenship destroys diversity jurisdiction and the Court must remand the action.

As aptly stated in *Shade Tree Apts.*, "the Court declines to usurp the authority of Texas courts to determine whether Texas law provides the requested relief against adjusters as a matter of law and instead only asks whether there is a reasonable basis to predict that [Plaintiff] might be able to recover against [an adjuster]." *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In light of "the myriad other district court cases finding claims for violations of the Texas Insurance Code exist under circumstances similar to those alleged [here] . . . and considering the federalism concerns favoring remand," Defendant NTIC has not met its heavy burden to show there is no possibility Plaintiff could recover against Street in state court. *See id.*

When the plaintiff has properly pled even a single claim that has a reasonable possibility for recovery against the nondiverse adjuster, the Court must remand the entire action. *Gray*, 390 at 402. With the reasonable possibility for recovery under § 541.060(a)(7), Plaintiff properly joined

5

Street and complete diversity is absent. The Court therefore grants the motion and remands this case. By remanding this case, the Court gives the Texas courts a proper opportunity to decide whether the claims against the adjuster provide a basis for recovery by Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion (ECF No. 11) and remands this case. This case is remanded to the 225th Judicial District Court of Bexar County, Texas. Plaintiff's Unopposed Motion to Extend Scheduling Order Deadlines (ECF No. 27) is **DENIED AS MOOT**. This case may be closed upon remand.

**It is so ORDERED this 19th day of April 2021.**

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**